# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TRACY A. JENSON,           )
                          )
          Petitioner,      )
                          )
       v.                )      Civil Action No.  25-00051 (UNA)
                          )
                          )
MICHAEL WHITAKER,      )
                          )
                          )
          Respondent.    )

## MEMORANDUM OPINION

Tracy A. Jenson, appearing *pro se*, has filed a Petition for Writ of Mandamus under 28 U.S.C. § 1361 and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the petition.

Jenson filed this action on January 2, 2025, to compel then-Administrator of the Federal Aviation Administration (FAA) Michael Whitaker "to correct a violation of FAA personnel regulations . . . committed against 165 FAA air traffic controllers before he resigns on January 20." Pet., ECF No. 1 at 1. This case is yet another iteration of Jenson's unsuccessful lawsuits where he, as a former air traffic controller, has claimed that the FAA "breached a collective bargaining agreement by failing to implement a new pay system properly and to apply pay raises retroactively." *Jenson v. FAA*, 2012 WL 2308156, at *1 (D.D.C. June 11, 2012) (citing cases); *see Brodowy v. United States*, 482 F.3d 1370, 1374-75 (Fed. Cir. 2007) (concluding that Jenson and other plaintiffs "were not entitled to the benefits of the two-step increase in pay received by controllers who transferred at a time when the [General Schedule] system was in effect for all the facilities"); *Jenson v. Huerta*, 828 F. Supp. 2d 174, 177, 181 (D.D.C. 2011) (noting in dismissing

consolidated cases on res judicata grounds that *Brodowy* and those cases "clearly arise out of the same pay dispute" and that the "Federal Circuit's decision was final and made on the merits").

Whitaker resigned as FAA Administrator on January 20, 2025.[1]  The mandamus statute confers upon federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The ensuing writ forces "an official to perform a duty required in his official capacity."  *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005).  Thus, Whitaker's "successor is automatically substituted as a party."  Fed. R. Civ. P. 25(d).

Mandamus relief is "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), that is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).  If "all three of these threshold requirements" are not met, the Court must dismiss the petition for lack of subject-matter jurisdiction.  *Ferriero*, 60 F.4th at 714.  "In other words, mandamus jurisdiction under § 1361 merges with the merits."  *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (cleaned up).  Because the facts forming the basis of this action have been "conclusively establish[ed] against [Petitioner]," *Jenson v. Trottenberg*, 2024 WL 379820, at *1 (D.D.C. Jan. 30, 2024), none of the requirements for mandamus relief is met. Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
Date: April 21, 2025                    United States District Judge

---

[1] https://en.wikipedia.org/wiki/Michael_Whitaker_(government_official).